IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| EDWARD T. WELLS and SHARLENE C. WELLS, husband and wife,<br><br>Plaintiffs,<br><br>vs.<br><br>HARTFORD INSURANCE COMPANY OF THE MIDWEST,<br><br>Defendant. | MEMORANDUM OPINION AND ORDER<br><br><br><br>Case No. 2:13cv00618<br>Judge Dee Benson |

Plaintiffs Edward T. Wells and Sharlene C. Wells, husband and wife ("Plaintiffs"), filed a motion to remand to send this case back to the Third District Court of Salt Lake County, State of Utah. Plaintiffs claim this court lacks jurisdiction to hear a trial de novo of an arbitration award pursuant to Utah Code Ann. § 31A-22-305.3(8)(o). (Dkt. No. 7.) Also before the court is Hartford Insurance Company of the Midwest's ("Hartford") motion to dismiss all of Plaintiffs' claims because they are time barred by Utah Code Ann. § 31A-22-305.3(8)(o). (Dkt. No. 5.) The court heard oral argument on both motions on October 18, 2013. Brady L. Curtis represented Plaintiffs and Richard A. Vazquez represented Hartford. Having considered the parties' arguments, memoranda, and the relevant law, the court enters the following

1

Memorandum Opinion and Order.

## FACTUAL BACKGROUND

On August 23, 2010, Plaintiffs were involved in a rear-end auto accident and settled their liability claim with the at-fault driver. (Def.'s Mot. to Dis. 2.) Plaintiffs then made a first-party underinsured motorist insurance ("UIM") claim[1] on Hartford, their UIM carrier. *Id.* at 3. Hartford conducted a review of Plaintiffs' medical records and offered first $37,800.00 and ultimately $50, 221.20 to settle the claim. *Id.* Plaintiffs initially demanded their UIM policy limits of $250,000.00, then later $200,000.00 to settle the claim. *Id.* When no settlement was reached, Plaintiffs submitted their claim to binding arbitration, rather than litigation, either of which is allowed under Utah Code Ann. § 31-A-22-305.3. (Pls.' Opp'n 2.)[2]

On February 26, 2013, a three-lawyer arbitration panel unanimously awarded Plaintiffs $58,020.68. (Def.'s Mot. to Dis. 4.) On March 15, 2013, Plaintiffs filed a complaint against Hartford in Utah's Third District Court of Salt Lake County, seeking de novo review of the

---

[1] Underinsured motorist insurance, which provides for money to be paid directly to the policyholder for a loss suffered by the policyholder, is an example of "first-party" insurance, rather than "third-party" insurance.
> A third-party' situation is one where the insurer contracts to defend the insured against claims made by third parties against the insured. Liability policies and the liability provisions of automobile policies are examples. In contrast, a 'first-party' situation is one where the insurer agrees to pay claims submitted to it by the insured for losses suffered by the insured. Medical insurance and the 'collision' and 'comprehensive' provisions of automobile policies are examples.

*Campbell v. State Farm Mut. Auto. Ins. Co.*, 840 P.2d 130, 137n.12 (Utah Ct. App. 1992) (internal citations omitted). (Def.'s Mot. to Dis. at 3.)

[2] Utah Code Ann. § 31-A-22-305.3 sets forth the benefits available and manner of resolving disputes under the underinsured motorist provisions of an insurance policy in the State of Utah.

2

arbitration award pursuant to Utah Code Ann. § 31A-22-305.3(8)(o)(ii). (Pls.' Opp'n 3.) Plaintiffs served Hartford with the complaint on April 18, 2013. (Def.'s Mot. to Dis. 4.) Plaintiffs then amended and re-filed their UIM claims in Utah's Third District Court of Salt Lake County, West Jordan Department on May 30, 2013. (Def.'s Mot. to Dis. 5.)  On July 1, 2013, Hartford removed the case to this court. (Pl.'s Opp'n 5.)  On July 8, 2013, Hartford filed a motion to dismiss.  On July 26, 2013, Plaintiffs filed a motion to remand.

The court will first address Plaintiffs' motion to remand to determine if the court has jurisdiction before considering Hartford's motion to dismiss.

## DISCUSSION

**I.  Plaintiffs' Motion for Remand**

Plaintiffs assert this case must be remanded to state court because the UIM statute does not support that this court has original jurisdiction under the federal diversity statute.  Utah Code Ann. § 31A-22-305.3(8)(o) provides:

> (o) An arbitration award issued under this section shall be the final resolution of all claims not excluded by Subsection (8)(l) between the parties unless:
>     (i) the award is procured by corruption, fraud, or other undue means;
>     (ii) either party, within 20 days after service of the arbitration award:
>         (A) files a complaint requesting a trial de novo in the district court; and
>         (B) serves the nonmoving party with a copy of the complaint requesting a trial de novo under Subsection (8)(o)(ii)(A).

Plaintiffs assert this statute makes Hartford's removal improper, relying principally on *Chicago R. I. & P. R. Co. v. Stude*, 346 U.S. 574 (1954).  The *Stude* Court found jurisdiction lacking because a state legislature does not have the power to turn a United States District Court into an appellate tribunal for state administrative or judicial actions. *Id*. At 581.  Under the

3

unique circumstances present in that case, *Stude* held that a United States District Court was without jurisdiction to consider what amounted to an appeal of an underlying state proceeding. *Id*. However, *Stude* is limited not only by its own facts but by subsequent Supreme Court precedent which establishes that federal courts have diversity jurisdiction over special proceedings created by a state statute such as the de novo review at issue here

The first post-*Stude* Supreme Court decision dealing with special proceedings created by a state statue was *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348 (1961). At issue was whether a federal district court sitting in diversity had jurisdiction over a trial de novo of a compensation award by the Texas Industrial Accident Board. *Horton* held the court had diversity jurisdiction. *Horton* did not apply *Stude* to defeat diversity jurisdiction because the Industrial Accident Board appeal was not a true appellate appeal. Rather, since it was a trial de novo held without regard to what originally transpired before the Industrial Accident Board, the court had original jurisdiction:

> It is true that as conditions precedent to filing a suit a claim must have been filed with the Board and the Board must have made a final ruling and decision. But the trial in court is not an appellate proceeding. It is a trial de novo wholly without reference to what may have been decided by the Board.

*Id.* at 355.

Furthermore, *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156 (1997), specifically explained *Stude's* statement purporting to limit diversity jurisdiction over state administrative reviews relied upon by the Plaintiffs in this case:

> Both *Stude* and *Horton*—to the extent that either might be read to establish limits on the scope of federal jurisdiction—address only whether a cause of action for judicial review of a state administrative decision is within the district courts' original jurisdiction under the diversity statute, 28 U.S.C. § 1332, not whether it is a claim within the district courts'

4

> pendent jurisdiction in federal question cases. Even assuming, arguendo, that the decisions are relevant to the latter question, both *Stude* and *Horton* **indicate that federal jurisdiction generally encompasses judicial review of state administrative decisions**.... Moreover, reading the Court's statement broadly to suggest that federal courts can never review local administrative decisions would conflict with the Court's treatment of the second action in the case: the railroad's attempt to remove its state court appeal to federal court. With respect to that action, the Court held that removal was improper in the particular circumstances because the railroad was the plaintiff in state court. But the Court observed that, **as a general matter, a state court action for judicial review of an administrative condemnation proceeding is "in its nature a civil action and subject to removal by the defendant to the United States District Court."**

*City of Chicago*, 522 U.S. at 532 (emphasis added) (internal citations omitted).

The key distinction between the case before this court and *Stude* is that this court is asked to adjudicate a trial de novo, giving no deference whatsoever to the arbitration proceeding, while the district court in *Stude* was asked to adjudicate an appeal and act as an appellate tribunal. Unlike the statute in *Stude*, the Utah UIM statute does not allow for "review" of underlying state proceedings. As a result, *Horton* and *City of Chicago* govern.

Based on the foregoing, the court finds that Plaintiffs have failed to identify any cases – whether from the United States Supreme Court, the Tenth Circuit or the weight of authority from other circuit courts – that persuade the court it does not have subject matter jurisdiction to hear the present case. The court is convinced that *Stude* is not controlling in this case and is limited to its own set of facts. Therefore, Plaintiffs' motion to remand is denied.

## II. Hartford's Motion to Dismiss Plaintiffs' Claims

Hartford asserts Plaintiffs' claims must be dismissed because Plaintiffs failed to both file and serve the complaint for a trial de novo within twenty (20) days after the arbitration award was issued. Utah Code Ann. § 31A-22-305.3(8)(o), reads:

> (o) An arbitration award issued under this section shall be the final resolution of all claims not excluded by Subsection (8)(l) between the parties unless:
> > (ii) either party, within 20 days after service of the arbitration award:
> > > (A) files a complaint requesting a trial de novo in the district court; and
> > > (B) serves the nonmoving party with a copy of the complaint requesting a trial de novo under Subsection (8)(o)(ii)(A).

Hartford asserts that the statute means exactly what it says. The language of subsection (o) plainly states that an arbitration award "shall" be final unless "within 20 days after the service of the arbitration award" a party does two things: (A) file a complaint in district court; and (B) serve the other side with the complaint. Hartford claims it is unambiguously clear that subsection (ii) covers both events listed in subsections (A) and (B) that follow. The literal meaning of the language itself as well as the way it is laid out in the code convey such an interpretation, according to Hartford.

In support, Hartford relies on the well known principle of statutory construction that generally requires a court to accept and adopt the literal meaning of the words of a statute. Hartford also finds support in *Paar v. Stubbs*, where petitioners brought a district court lien nullification against a claimant pursuant to Utah's lien nullification statute, which contained the following language: "petitioner shall serve a copy of the petition on the lien claimant and a notice of the hearing pursuant to Rules of Civil Procedure, Rule 4, Process." 117 P.3d 1079-1080 (Utah Ct. App. 2005).

The Utah Court of Appeals held the word "shall" used in the statute created a mandatory condition for the district court's exercise of jurisdiction. The Utah Court of Appeals also held the term "and" created a conjunctive condition for jurisdiction. Therefore, the petitioner's failure to properly serve both a copy of the petition and a notice of hearing was deemed fatal to the Court's

jurisdiction to hear the lien challenge. *Id.* at 1080-81.

Similar to the statute in *Paar*, Hartford points out that the UIM statute uses the term "shall" to create a mandatory condition, stating a UIM arbitration award "shall" constitute "the final resolution of all claims" unless filing "and" service of the complaint seeking a trial de novo takes place within twenty (20) days of any arbitration award. Here, it is undisputed that the arbitration award was served on the parties by the panel of arbitrators on February 26, 2013. The first complaint was served on Hartford by the Plaintiffs on April 18, 2013, fifty one (51) days after the arbitration award was served on both parties.

The language of the statute may well cause an attorney upon first reading to say to herself: "does this mean that I need to file the complaint and serve the other side within 20 days?" The plain and simple meaning of the words say "yes, you do, if you want a trial." Any suggestion that such a requirement is inconsistent with common sense is belied not only by the terms themselves but also by the fact that in the vast majority (if not all) of these situations the parties have very recently (no later than 20 days) been together before an arbitration panel, so they certainly know each other's identity and who to serve, and there will usually be only two parties, the underinsured motorist and her insurance company. Requiring service within 20 days under these circumstances is far from illogical.

Plaintiffs assert Hartford's argument for dismissal is based upon an incorrect interpretation of the above statute. Plaintiffs claim Hartford is wrong to assert that failing to both file and serve the complaint for a trial de novo of an arbitration award within twenty (20) days after the arbitration award is issued, results in the arbitration award being the final resolution of all claims.

In support, Plaintiffs rely on subsection (p) of the same statute, which provides:

> (p) (i) Upon filing a complaint for a trial de novo under Subsection (8)(o), a claim shall proceed through litigation pursuant to the Utah Rules of Civil Procedure and Utah Rules of Evidence in the district court. Utah Code Ann. § 31a-22-305.3(8)(p).

Plaintiffs believe a reading of subsections (o) and (p) together allows Plaintiffs one-hundred and twenty (120) days to serve Hartford after filing a trial de novo pursuant to the Utah Rules of Civil Procedure. Plaintiffs also assert that a literal interpretation of subsection (o) is inconsistent with common sense and usual practice.

The court is persuaded by Hartford's interpretation of the statute. Filing a complaint requesting a trial de novo and service on the nonmoving party must be done within twenty (20) days after the arbitration award. Therefore, because it is undisputed that Plaintiffs failed to serve either their first, or second, complaint within twenty (20) days after service of the arbitration award, Hartford's motion to dismiss is granted.

In light of the court's granting Hartford's motion to dismiss, the court need not address the Utah Rules of Civil Procedure question Plaintiffs raised in their motion to remand.

DATED this 7th day of November, 2013.

_____

Dee Benson

United States District Judge